exacting


**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

JAIME SANTIAGO-ACOSTA, et al.

    **Plaintiffs**

        v.                        CIVIL NO. 98-2328 (JAG)

LUIS A. OLIVER-CANABAL, et al.

    **Defendants**

---

**MEMORANDUM AND ORDER**

GARCIA-GREGORY, D.J.

On April 26, 2002 plaintiffs filed an objection to Magistrate-Judge Gustavo Gelpí's report and recommendation, which recommended that the Complaint be dismissed in its entirety. (Docket Nos. 49, 50.) Upon review of the record, the Court adopts the report and recommendation and dismisses the Complaint.

A.   <u>Standard of Review</u>

A district court may, on its own motion, refer a pending matter to a United States Magistrate-Judge for a report and recommendation. See 28 U.S.C. §636(b)(1)(B); Fed.R.Civ.P. 72(b); Rule 503, Local Rules, District of Puerto Rico. Pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 510.2, the adversely affected party may contest the report and recommendation by filing written objections "[w]ithin ten days of being served" with a copy of the order. 28 U.S.C. § 636(b)(1). The Court must




then make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. See United States v. Raddatz, 447 U.S. 667, 673 (1980); Lopez v. Chater, 8 F. Supp.2d 152, 154 (D.P.R. 1998). The Court may accept, reject or modify, in whole or in part, the Magistrate-Judge's recommendations. "Failure to raise objections to the Report and Recommendation waives [that] party's right to review in the district court and those claims not preserved by such objection are precluded on appeal." Davet v. Maccarone, 973 F.2d 22, 30-31 (1st Cir. 1992)(citations omitted).

B.   Plaintiffs's Objections

Plaintiffs's cryptic objections (Docket No. 50) not only fail to comply with the mandate of Local Rule 510.2 for lack of specificity, but they also do not reflect an understanding that a plaintiff may not simply restate the arguments that the Magistrate-Judge considered and expect the Court to treat the filing seriously. See, e.g., Castro-Rivera v. Citibank, N.A., - F. Supp.2d -, 2002 WL 575634 (D.P.R. 2002). Here, plaintiffs's objection restates, almost word by word, the arguments they made in connection with their opposition to defendants's motion to dismiss. (Docket No. 39.)

In essence, plaintiffs contend that the Magistrate erred when he considered the requirements for the position of Municipal Guard, since plaintiff Santiago-Acosta actually applied for the position

Civil No. 98-2328 (JAG)                                                  3

of Municipal Police.  Plaintiffs's argument ignores that the Magistrate made his ruling after expressly identifying this issue in an Order dated March 11, 2002.  (Docket No. 40.)  The Magistrate gave the parties until March 22, 2002 (thereafter extended until April 12, 2002) "to present all pertinent material" with respect to the issue of municipal regulations concerning municipal police positions.  (Id.)

On April 12, 2002, defendants filed a "Motion in Compliance with this Court's Order" wherein they included the regulations that were in effect at the time Santiago-Acosta applied for a position, and explained the process by which the municipality of Lares adopted regulations specifically tailored to prospective municipal police officers, in accordance with Puerto Rico Law 45 of May 22, 1996,[1] which allowed municipalities to enact regulations that could change the power and authority of certain municipal guards (a sub-group of which would be known as "municipal police") to make them commensurate with statewide police officers.  (Docket No. 47.)  The age requirement for prospective applicants - before and after the enactment of the statute and the corresponding regulations - remained the same: 36 years.  As a result, the Magistrate's conclusion that plaintiff, who was 39 when he applied for a

---

[1] Law 45 amended Law No. 19 of August 22, 1974, the former "Municipal Guards Law" to reflect its current title, "Municipal Police Law."

Civil No. 98-2328 (JAG)                                                          4

position, was *per se* disqualified from applying for the position of municipal guard (or municipal police officer) was correct.

Accordingly, the Court adopts the Magistrate's report and recommendation and dismisses the plaintiff's Complaint. Judgment shall enter accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 7th day of May, 2002.

_____
JAY A. GARCIA-GREGORY
United States District Judge